IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **METROMONT CORPORATION** | * | |
|     **Plaintiff/Counter-Defendant,** | * | |
| **v.** | * | Case No.:  1:18-CV-03928-DKC |
| **ALLAN MYERS, L.P.** | * | |
|     **Defendant/Counter-Plaintiff,** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| **ALLAN MYERS, L.P.** | * | |
|     **Third-Party Plaintiff,** | * | |
| **v.** | * | |
| **TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA** | * | |
| | * | |
|     **Third-Party Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ALLAN MYERS, L.P.'S MOTION TO STRIKE
METROMONT CORPORATION'S EXPERT DESIGNATIONS
AND INCORPORATED MEMORANDUM OF LAW
<u>(Anderson, Spinelli and Thompson)</u>**

COMES NOW the Defendant/Counter-Plaintiff, Allan Myers, L.P. ("Myers"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 26(a)(2), and hereby moves this Honorable Court for the entry of an Order striking the Plaintiff/Counter-Defendant, Metromont Corporation's ("Metromont") expert designations of Michael S. Anderson, Michael W. Spinelli and James A. Thompson ("Damages Expert Designations"), and in support thereof, respectfully states as follows:

1.      Pursuant to the Scheduling Order issued by this Court on August 6, 2019, Metromont's Rule 26(a)(2) disclosures were due on October 7, 2019.

2.      On or about October 7, 2019, Metromont designated Ned M. Cleland, Gary J. Klein and Harry A. Gleich as expert witnesses to testify on its behalf. Simultaneously herewith, Myers is filing Allan Myers, L.P.'s Motion to Strike Metromont Corporation's Expert Designations and Incorporated Memorandum of Law (Cleland, Klein and Gleich) (the "First Motion") to strike said designations on account of numerous deficiencies contained therein. Myers hereby incorporates by reference all arguments raised in its First Motion as though the same were fully and completely set forth herein in support of the instant motion.

3.      Also on October 7, 2019, Metromont purported to designate up to three experts to testify on its behalf as to damages in this case, stating that it "reserves the right to call one or all of" Michael S. Anderson, Michael W. Spinelli and James A. Thompson as experts, and producing a resume for each of the aforementioned potential witnesses[1].

4.      No other documents accompanied the Damages Expert Designations.

5.      In addition to failing to comply with the signed, written report requirement as stated in the First Motion, Metromont's Damages Expert Designations fail because (1) damages are not a proper subject of expert testimony where the Plaintiff has essentially admitted to the damages amount and where the calculation of damages involves only basic arithmetic; and (2) Metromont does not affirmatively designate any of the three experts listed above, but instead reserves its rights to call one or all to testify.

---

[1] Copies of each written purported designation and each witness's resume are attached hereto as **Composite Exhibit A.**

**Damages are not a proper subject for expert testimony.**

6. The Damages Expert Designations state that the expert testimony will concern Myers' Proposed Change Order No. 26 ("PCO 26"), submitted to Baltimore City for payment on March 13, 2015. PCO 26 represents the aggregate costs incurred by Myers for the additional work stemming from changing the Project's[2] roof deck connections from the original, welded connections designed by Metromont to the so-called "slip joint" connections designed by remedial specialty concrete subcontractor Wallace Montgomery. The total amount of PCO 26 is $4,699,735.91.

7. PCO 26 was submitted and accepted into the record as an exhibit in the final administrative hearing[3].

8. Further, the affidavit of Carmen Cipriano attesting to the amount of damages in PCO 26 was put on the record during the Final Administrative Hearing with the full knowledge and authorization of Metromont. Neither Baltimore City nor Metromont objected to the affidavit or the contents thereof. A true and correct copy of the Affidavit of Carmen Cipriano is attached hereto and incorporated by reference herein as **Exhibit B**.

9. The failure to challenge or object to the affidavit and PCO 26 at any time from its submission in 2015 until now should be construed as an admission as to the damages represented in PCO 26.

10. Moreover, the calculation of damages in PCO 26 involves basic mathematical computations and does not require expert opinion. *See* Fed R. Evid. 702 advisory committee note ("There is no more certain test for determining when experts may be used than the common

---

[2] The term "Project" shall have the same meaning as ascribed to it in the prior pleadings in this case.
[3] The final administrative hearing was a hearing held before the Deputy Director of the Baltimore City Department of Public Works on Myers' claim against Baltimore City for the payment of certain change orders relating to the Project, focusing primarily on PCO 26. Metromont participated in the hearing with Myers, providing witness testimony, none of which addressed the amount or calculation of damages.

3

sense inquiry whether the untrained layman would be qualified to determine intelligently … the particular issue without enlightenment from [an expert].")

**Metromont's failure to affirmatively designate its experts prejudices Myers.**

11. "The purpose of this rule is to give parties a reasonable opportunity to prepare an effective cross-examination of the opposing parties' expert witnesses and, if necessary, arrange for testimony from other experts." *See* 6 Moore's Federal Practice - Civil § 26.23 (2019).

12. Further, disclosures must be "sufficiently detailed so as to avoid unfair surprise to the opposing party and to conserve resources." *Id*.

13. Metromont's reservation of rights to call one, two or all of three different individuals to testify on the topic of damages, while providing no written reports and no exhibits from any of the named individuals defeats the entire purpose behind Rule 26(a)(2)(B).

14. Based on the Damages Expert Designations, Myers is subject to unfair surprise. The witnesses did not previously testify at the Final Administrative Hearing and Myers has no knowledge as to what they will testify to and what their opinions will be based upon, leaving Myers unable to adequately prepare for cross-examination and rebuttal testimony.

15. Additionally, Myers will potentially have to depose all three witnesses, since Metromont has not affirmatively designated one or all, meaning not only are no resources conserved, but in fact, additional resources will have to be expended as Myers prepares to depose all three witnesses.

16. "'[T]he requirements of the Rule 26(a) are **mandatory** … [i]f the expert is unable or unwilling to make the disclosures he should be excluded as a possibility for retention as an expert witness in the case.'" *See Smith v. State Farm Fire & Cas. Co.*, 164 F.R.D. 49, 54 (S.D. W. Va. 1995) (quoting *Nguyen v. IBP, Inc*., 162 F.R.D. 675 (D. Kan., July 25,1995) (emphasis

4

added). Metromont's designations do not comply with the Federal Rules, and therefore, should be stricken, and Metromont precluded from putting on any expert witness testimony at trial on this matter.

WHEREFORE, Defendant/Counter-Plaintiff Allan Myers, L.P. respectfully requests that this Honorable Court enter an Order striking Plaintiff/Counter-Defendant Metromont Corporation's expert designations of Michael S. Anderson, Michael W. Spinelli and James A. Thompson, and precluding Metromont from offering expert witness opinion testimony from any of the aforementioned persons.

Respectfully submitted,

/s/ Justin B. Aronson
Curtis C. Coon, Esq. (#01275)
Justin B. Aronson, Esq. (#29034)
Brady L. Thompson, Esq. (#20096)
Coon & Cole, LLC
305 W. Chesapeake Avenue, Suite 510
Towson, Maryland 21204
Direct: (410) 648-2449
Firm: (410) 244-8800
Fax (410) 825-5941
E-mail: ccc@cooncolelaw.com
E-mail: jba@cooncolelaw.com
E-mail: blt@cooncolelaw.com

*Attorneys for Defendant/Counter-Plaintiff/
Third-Party Plaintiff Allan Myers, L.P.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of October, 2019, a copy of the foregoing **Allan Myers, L.P.'s Motion to Strike Metromont Corporation's Expert Designations and Incorporated Memorandum of Law (Anderson, Spinelli and Thompson)**, was served via CM/ECF, as well as via electronic mail, upon:

Sidney G. Leech, Esquire
Derek M. Stikeleather, Esquire
Goodell, Devries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
sgl@gdldlaw.com
dstikeleather@gdldlaw.com
*Attorneys for Plaintiff/Counter-Defendant Metromont Corporation*

David D. Gilliss, Esq.
Robert H. Kline, Esq.
Pike & Gilliss, LLC
600 Washington Avenue, Suite 303
Towson, Maryland 21204
gilliss@pikegilliss.com
rhkline@pikegilliss.com
*Counsel for Travelers Casualty and Surety Company of America*

/s/ Justin B. Aronson
Justin B. Aronson, Esquire