```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
                                  :
METROMONT CORPORATION
                                  :
     v.                           :   Civil Action No. DKC 18-3928
                                  :
ALLAN MYERS, L.P.
                                  :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this breach of contract case is the motion of Defendant/Counter-Plaintiff Allan Myers, L.P. to quash a subpoena directed to a third party. (ECF No. 66). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to quash will be denied, and the discovery schedule will be modified to allow Wallace Montgomery additional time to comply with the subpoena.

**I. Background**

The facts giving rise to this dispute are laid out in a previous opinion. (ECF No. 37); *Metromont Corp. v. Allan Myers, L.P.*, No. DKC 18-3928, 2019 WL 3253452 at *1-*2 (D.Md. July 19, 2019). The case involves a general contractor, Defendant/Counter-Plaintiff Allan Myers, L.P. ("Myers"), and a sub-contractor, Plaintiff/Counter-Defendant Metromont Corporation ("Metromont"), and arises from a general contract governing the "Montebello Plant

2, Finished Water Reservoir Project" ("the Project"), entered into with the City of Baltimore's Department of Public Works.  A scheduling order issued on July 14, 2020, set October 9, 2020, as the deadline for completion of discovery.  (ECF No. 60).  On the final day, Metromont issued a subpoena ("the subpoena") to nonparty Wallace Montgomery and Associates, L.L.P. ("Wallace Montgomery").

The subpoena commands production of "[a]ll communications (including emails) regarding the Project 1) between Wallace Montgomery and Allan Myers, LP; 2) internally at Wallace Montgomery; 3) between Wallace Montgomery and the City of Baltimore; and 4) between Wallace Montgomery and anyone else. All photographs or videos from the Project site."  (ECF No. 66-1).

In the pending motion, Myers argues three grounds for quashing this subpoena under Fed.R.Civ.P. 45 in that Metromont did not:  1) serve the subpoena on Wallace Montgomery until after the discovery deadline; 2) failed to comply with the rule's "notice requirement" in not allowing Myers reasonable time to object;[1] and 3) "failed to allow a reasonable time for Wallace Montgomery to comply."[2]

---

[1] Myers contends that "notice was completely unreasonable" as Metromont provided a copy of the Subpoena to it "after business hours on October 9, 2020, and served it on Wallace Montgomery immediately after." (ECF No. 66, at 3).

[2] Myers argues that Fed.R.Civ.P. 34(b)(2)(A) requires parties be allowed thirty days to comply with document requests, but the subpoena granted Wallace Montgomery only seventeen days to comply, with a command that the documents requested be produced by October 26, 2020.  (*Id.* at 3).

Metromont contends, as a threshold matter, that Myers has not identified a personal right or privilege in the information sought by the subpoena and therefore lacks standing to challenge it. (ECF No. 68, at 2) (citing *First Mariner Bank v. Resolution Law Grp., P.C.*, No. MJG-12-1133, 2014 U.S. Dist. LEXIS 19565, at *2-3 (D.MD. Feb. 14, 2014)). Even if standing is found, it argues, the notice requirement is fulfilled because notice of the subpoena was given to Myers "several days before Wallace Montgomery." Metromont argues that the minimum thirty day compliance period under Fed.R.Civ.P. 34(b)(2)(A) is only afforded *parties* to the suit, and that Fed.R.Civ.P. 45, the applicable rule for nonparties, only requires a "reasonable time to comply" and "14 days" to object. (ECF No. 68, at 2-3) (misciting Fed.R.Civ.P. 45(d)(3)(A)(i) and 45(d)(2)(B), respectively). Lastly, while the subpoena was served after the discovery deadline, Metromont argues this was due to Myers' failure timely to produce its communications with Wallace Montgomery itself. Metromont argues in the alternative that, even if the subpoena is found to be improper as untimely, it has shown "good cause for a limited modification of the scheduling order to allow for the Wallace Montgomery documents to be produced."

**II. Analysis**

Metromont's argument that Myers lacks standing to challenge the subpoena is without merit. The subpoena itself facially involves a personal right of Myers in that communications between

3

Myers and Wallace Montgomery, among other things, are being requested.  This alone, even without Myers' explicit assertion of a right in the requested communications, is enough to show "some personal right or privilege with regard to the documents sought." *See In re Grand Jury Subpoena John Doe, No. 056J1318*, 584 F.3d 175, 184 n.14 (4th Cir. 2009) (citing 9A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 2459 (3d ed. 1998)) (finding a Congressman could not invoke the Fifth Amendment to quash grand jury subpoena production of his staff members' and chief of staff's files); *see also id.* at 191 (J. Gregory, concurring) (citing *United States v. Idema*, 118 Fed.Appx. 740, 744 (4th Cir. 2005) ("Idema has failed to make any showing that he has a personal right to, or privilege in, the information being sought in the subpoenas.")).  Therefore, Myers has standing to bring this motion, at least as it relates to its own procedural rights.  It does not, however, challenge the production of the requested documents on any substantive grounds.

While the subpoena was served on Wallace Montgomery after the discovery deadline, that is not a ground on which to quash it.  Nor is the possible failure to give Myers reasonable advance notice fatal to the subpoena.  Such deficiencies are rarely, if ever, a ground for quashing a subpoena entirely, at least absent prejudice. *See Phillips v. Ottey*, No. 14-0980, 2016 WL 6582647, at *4 (D.Md. Nov. 7, 2017) ("Plaintiff arguably received concurrent notice of

4

the subpoena rather than the prior notice required. Assuming *arguendo* that this service violated Fed.R.Civ.P. 45(a)(4), the violation does not warrant quashing the subpoenas.")).

More importantly, Metromont argues that it did not identify the failure of Myers to provide these communications until its deposition of Myers' employee Brian Flynn on October 1, 2020. (ECF No. 68-3). Metromont says it attempted to rectify the failure with two electronic "letters" to Myers' counsel on October 9 and October 13, respectively. (ECF Nos. 68-1, 68-2). This constitutes "good cause" for a modification of the discovery schedule under Fed.R.Civ.P. 16(b)(4). Finally, assuming Myers has standing to complain about the time for compliance, Metromont has expressed willingness to grant additional time to Wallace Montgomery to comply, if necessary. Myers' motion to quash will be denied, and Metromont's request for a discovery modification will be granted.

### III. Conclusion

For the foregoing reasons, the motion to quash filed by Defendant/Counter-Plaintiff will be denied. A separate order will follow.

　　　　　　　　　　　　／s／
DEBORAH K. CHASANOW
United States District Judge
