```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| METROMONT CORPORATION | : |
|  | : |
| v. | : Civil Action No. DKC 18-3928 |
|  | : |
| ALLAN MYERS, L.P. | : |
|  | : |

**MEMORANDUM OPINION**

Myers has filed a motion, citing Fed.R.Civ.P. 45(d)(3)(c), seeking to compel the attendance at trial of a witness who lives more than 100 miles from the Baltimore courthouse. That rule reads:

> (C) *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
>
> (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
>
> (ii) ensures that the subpoenaed person will be reasonably compensated.

The 100-mile limitation appears in Fed.R.Civ.P. 45(d)(3)(A), however, not in (B). Rule 45 (d)(3)(C) (permitting specification of conditions) only applies to the circumstances in Rule 45(d)(3)(B) when quashing or modifying is "permitted," and not to Rule 45(d)(3)(A) when quashing or modifying is "required."

It is not a general grant of authority to require attendance beyond the 100-mile limit:

> Thus, the plain language of [R]ule 45(c) indicates that the court cannot compel a witness to testify at a deposition when the individual must travel more than 100 miles from a place of residence, employment or regular business. *See Hermitage Glob. Partners LP v. Prevezon Holdings Ltd.*, C.A. No. 13-6326, 2015 WL 728463, at *4 (S.D.N.Y. Feb. 29, 2015) (cited with approval in *Tele Draulic, Inc. v. Hetronic Int'l, Inc.*, Misc. No. 16-108-SLR, 2016 WL 3606775 at *2 (D.Del. June 30, 2016)); *see also* Fed. R. Civ. P. 45(c); *Regents of the Univ. of Cal. v. Kohne*, 166 F.R.D. 463, 464 (S.D.Cal. April 24, 1996) (holding that in considering when a non-party witness may be commanded by subpoena to appear, a court's only consideration is "the burden on the witness of being required to physically appear" (citations omitted)). ECG's argument that the Court may order Petitioner's appearance for deposition under Rule 45(d)(3)(C) based on its need for his testimony, is therefore irrelevant if Wilmington, Delaware is more than 100 miles from Petitioner's place of residence, employment or regular business. Fed. R. Civ. P. 45(d)(3)(A)-(C).

*Expansion Cap. Grp., LLC v. Patterson*, No. CV 18-04135 (RAL), 2020 WL 42786, at *2 (D.Del. Jan. 3, 2020).

Accordingly, the motion filed by Myers to compel the trial attendance of a non-party witness who lives more than 100 miles from the Baltimore courthouse is DENIED.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge